UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER SKYDECKER,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF ALAMEDA, WELLPATH CALIFORNIA FORENSIC MEDICAL GROUP, GERRI MCCLEAN, and DOES 1-10,<br><br>      Defendants. | No. 24-02271 WHA<br><br>**ORDER RE MOTION TO DISMISS** |

## INTRODUCTION

A plaintiff has brought a Section 1983 against several defendants including a California county. Three out of four defendants move to dismiss part of the complaint. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff Jasper Skydecker has refractory epilepsy, a seizure disorder which causes both petit mal and grand mal seizures. Defendant Wellpath is a corporation that is involved in contracting medical and mental health services to the county of Alameda and its jail systems (Compl. ¶ 13). Defendant California Forensic Medical Group ("CFMG") provides medical and mental health services to the county of Alameda and its jail systems. Defendant Gerri McLean is a nurse employed by CFMG.

In May 2023, plaintiff was walking home when he had a seizure and became postictal (Compl. ¶ 19). Plaintiff was arrested when highway patrol officers allegedly mistook his postictal symptoms as signs of public intoxication. Plaintiff was taken to Santa Rita Jail where defendant McLean "cleared him," documented that he suffered from grand mal seizures and took Klonopin and Gabapentin (¶ 20). Further, plaintiff alleges that he was still "visibly postictal" and informed McLean that he "had a seizure before encountering the police that evening" (¶ 21). In the jail, plaintiff alleges that he was "subject to conditions that are high stressors" for seizure disorders, which included being in a very cold cell without a blanket and highly processed, sugary food.

When plaintiff was placed in a cell, his cellmate already had the lower tier bunk. That night, plaintiff suffered a seizure and fell from the top bunk to a cement floor. As a result, plaintiff suffered multiple fractures to the nose and a large laceration on his forehead. Eventually, plaintiff was released from jail to a hospital and was never charged with any public offense.

Plaintiff filed a Section 1983 action against the county of Alameda, Wellpath, CFMG, and Gerri McLean. Defendants Wellpath, CFMG, and McLean (collectively, "CFMG defendants") move to dismiss part of the complaint. This order follows full briefing and oral argument.

**ANALYSIS**

Plaintiff has brought five claims for relief. In the instant motion, the CFMG defendants move to dismiss two claims pursuant to Rule 12(b)(6): (1) deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983 and (2) violations of the Bane Civil Rights Act pursuant to California Civil Code § 52.1.

In order to state a claim for deliberate indifference to a serious medical need, a plaintiff must allege:

> (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, (ii) those conditions put the plaintiff at substantial risk of suffering serious harm, (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

2

> circumstances would have appreciated the high degree of risk involved—making the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiffs' injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). With respect to the third element, the defendant's conduct must be objectively unreasonable. *Ibid.*

CFMG defendants argue that plaintiff's deliberate indifference complaint should be dismissed for four reasons. *First*, they argue that plaintiff "fails to plead how the CFMG's alleged actions and/or omissions caused [p]laintiff harm" (Dkt. No. 25 at 6). This order finds that plaintiff has provided sufficient factual allegations to establish a nexus between defendants' alleged actions and the alleged harm suffered by plaintiffs: "[CFMG defendants] discriminated against Mr. Skydecker by . . . denying him the care he needed to recover from his seizure and putting him at greater risk of suffering another seizure" (Compl. ¶ 25).

*Second*, CFMG defendants argue that in the context of deliberate indifference claims, a complaint must contain specific factual allegations regarding "actions or inactions" taken by each medical provider (Dkt. No. 25 at 7). Again, this order finds that plaintiff has sufficiently pled facts as to CFMG defendant's alleged inaction and plaintiff's injuries.

*Third*, CFMG defendants argue that plaintiff cannot bring a deliberate indifference claim without alleging that defendants provided improper medical care; according to defendants, a claim may only be brought against a healthcare worker when a claim relates to medical treatment or aspect of jail policy over which the provider exercised control (Dkt. No. 25 at 10-11). In CFMG defendants' eyes, plaintiff's allegations focus on "objections to food and drink menu and . . . dissatisfaction with his housing assignment" and therefore have nothing to do with medical treatment (Dkt No. 25 at 10). Further, CFMG defendants takes issue with the fact that plaintiff never claims that these defendants had any responsibility or control these policies or procedures.

This order finds that CFMG defendants overstate the standard by which deliberate indifference claims are evaluated and finds that plaintiff has sufficiently pled a claim to survive Rule 12(b)(6). Defendants in effect argue that there are additional elements in order to bring a viable claim of deliberate indifference, without citing to any binding authority from our court

3

of appeals. This order need not decide whether a plaintiff can only bring a deliberate indifference when the claim related to medical treatment or jail policy over which the provider exercised control. Rather, this order sees that plaintiff essentially brings a claim based on a lack of medical intervention; to this end, this order finds that plaintiff has sufficiently brought a claim related to medical treatment—specifically, the lack thereof.

*Fourth*, defendants argue that the actions alleged in the complaint do not satisfy the "objectively unreasonable conduct" element of a deliberate indifference claim. This order disagrees. Plaintiff alleges that on at least two occasions, defendants' medical staff came to plaintiffs' cell and saw that he was assigned a top bunk (Compl. ¶ 38). More importantly, plaintiff alleges that he informed McLean that he had a condition which caused grand mal seizures, for which he took medication (¶ 20). Given that they had the opportunity to but never took any steps to ensure that plaintiff received a bottom bunk at his (or any other) cell, this order finds that plaintiff has alleged objectively unreasonable conduct in order to survive the pleading stage.

As noted by plaintiff, defendants attempt to use the instant motion to adjudicate the merits of plaintiff's claims by raising the bar of what is required at the pleading stage. Defendants will have their chance to test the merits of plaintiff's claims through discovery, summary judgment, or even trial. For now, this order finds that plaintiff's deliberate indifference claim is sufficiently pled. For this reason, CFMG defendant's motion to dismiss the deliberate indifference claim is **DENIED.**

In order to state a claim under the Bane Act, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015). Both CFMG defendants and plaintiff agree that a prisoner who successfully brings forth a claim that a prison official acted (or failed to act) with deliberate indifference to his medical needs "adequately states a claim for relief under the Bane Act." *M.H. v. County of Alameda*, 90 F.Supp.3d 889, 899 (N.D. Cal. Apr. 18, 2013) (Judge Jon S. Tigar).

4

CFMG defendants argue that plaintiff provides nothing more than boilerplate recitation of the elements of the Bane Act.  While this order acknowledges that plaintiff recites the elements of the Bane Act claim in his complaint (Compl. at 10-11), this order also finds that plaintiff has provided ample factual allegations to survive the pleading stage.  Given that plaintiff has a viable deliberate indifference claim that forms the basis of his Bane Act claim, CFMG defendant's motion to dismiss the latter claim is **DENIED**.

## CONCLUSION

For the aforementioned reasons, CMFG defendants' motion is **DENIED**.  Plaintiff may file an amended complaint to include the state law claims he has been permitted to bring, as stated on the record during yesterday's hearing.  The answer is due fourteen calendar days thereafter.

**IT IS SO ORDERED.**

Dated:  October 24, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE