UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASPER SKYDECKER,

    Plaintiff,

    v.

COUNTY OF ALAMEDA, WELLPATH CALIFORNIA FORENSIC MEDICAL GROUP, GERRI MCCLEAN, and DOES 1-10,

    Defendants.

No. C 24-02271 WHA

**ORDER APPROVING STIPULATED PROTECTIVE ORDER (WITH CONDITIONS)**

The parties' stipulated protective order (Dkt. No. 65) is **APPROVED** subject to the following:

**1.** The parties must make a good-faith determination that any information designated as confidential truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as confidential must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order un-designating all or most materials on a wholesale basis.

**2.** To be treated as confidential, any materials filed with the Court must be lodged by filing an administrative motion to seal in compliance with Civil Local Rule 79-5. Each substantive filing to be sealed thus requires a separate, contemporaneous administrative filing to seek such sealing; blanket prospective authorizations are no longer allowed. Please limit

your requests for sealing to those narrowly tailored portions of materials for which good cause or compelling reason to seal exists (*infra* ¶ 5).

**3.** In the lodged filing, please submit not only those portions you propose to seal but your entire substantive filing, highlighting or otherwise clearly marking therein what you propose to seal. Same goes for chambers copies. And, in the public filing, please again represent everything in some fashion: any unredacted portions, any redacted portions, and any slipsheets needed (the last representing any documents to be sealed in entirety, though such sealing is rarely warranted). Please note that, although chambers copies should clearly designate which portions are confidential, chambers copies with confidential materials will be handled like all other chambers copies, and typically will be recycled, not shredded.

**4.** In addition to the requirements of Civil Local Rule 79-5 and other governing law, only for the most compelling reason will the Court grant any sealing request covering information that relates to potential hazards to the health, safety, or well-being of the public. Therefore, when anyone seeks to seal or redact anything filed with the Court, the request must specifically draw attention to any proposed sealing or redaction that implicates such concerns.

**5.** In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause — indeed, "compelling reasons" — is required to seal documents used in dispositive motions, just as more than good cause would be needed to justify closing a courtroom during trial. Otherwise, public access to the work of the courts would be unduly compromised. Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the proponent first shows a "compelling reason," a standard substantially higher than "good cause." This will be true regardless of any stipulation by the parties. Counsel are warned that most summary judgment motions and supporting material should be completely open to public view. Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will suffice for redacting or sealing such submissions. If the courtroom would not be closed for the information to be discussed, neither should any summary judgment filings or proceedings,

which are, in effect, substitutes for trial. Motions *in limine* are also part of trial and must likewise be laid bare absent compelling reasons. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). Please comply fully. Noncompliant submissions risk being stricken in entirety.

**6.** Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent further order. This includes source code.

**7.** This order does not preclude any party from moving to undesignate information or documents that have been designated.

**8.** The Court will retain jurisdiction over any disputes arising from the protective order for NINETY DAYS after final termination of the action. *See also Brennan v. Opus Bank*, 796 F.3d 1125, 1126 (9th Cir. 2015).

**IT IS SO ORDERED.**

Dated: November 20, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE